## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| MISTY L. DELOZIER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:23-cv-00006 |
| CONSUMERS ALLIANCE PROCESSING CORP., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Now comes MISTY L. DELOZIER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CONSUMERS ALLIANCE PROCESSING CORP. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.*, the Missouri Credit Services Organizations Act *(*"MCSOA") under § 407.635 R.S.Mo. *et seq.*, and the Missouri Merchandising Practices Act ("MMPA") under § 407.010 R.S.Mo. *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Eastern District of Missouri and a substantial portion of the events or omissions giving rise to the instant claims occurred within the Eastern District of Missouri.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Jonesburg, Missouri, which lies within the Eastern District of Missouri.

5. Defendant is a credit repair organization and debt consolidation company purportedly "founded on the principal of helping struggling individuals and families overcome their financial hardship by helping them take control of their debt and establishing a plan to become debt free."[1] Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 1959 Palomar Oaks Way, Suite 200, Carlsbad, California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In approximately September of 2021, Plaintiff was struggling to keep up with her financial obligations and accrued a number of past due obligations, prompting Plaintiff to seek out credit repair and debt settlement companies for assistance in reestablishing her credit.

8. While viewing her credit report online, an ad for Defendant's services promising improved credit and the ability to be debt free popped up.

---

[1] https://credithelp.caprocessing.com/about/

9. Defendant further advertised that a reason to use its services was poor or declining credit scores, and that Defendant's consumers often experienced a "50 point average increase in their credit score."[2]

10. Plaintiff subsequently spoke with Defendant regarding the nature of its services.

11. Defendant informed Plaintiff that, depending on the debt Plaintiff would enroll in Defendant's program, Defendant would be able to settle the enrolled debt for at least half of the overall balance if Plaintiff made certain monthly payments to Defendant over a period of time.

12. Defendant further advised that Plaintiff would no longer be contacted by the creditors associated with the debts enrolled in its program, as Defendant would instead begin speaking with

13. Finding Defendant's representations regarding the costs for its services appealing, in conjunction with the improved financial position Defendant promised, Plaintiff subsequently entered into a contract with Defendant for the provision of services.

14. Plaintiff enrolled a series of debts in Defendant's program and agreed to monthly payments in the amount of approximately $900.00 per month.

15. Plaintiff persisted in making these payments for over a year.

16. Despite Plaintiff's maintenance of payments for a significant period of time, Defendant failed to provide the represented services or deliver the results in the manner such services were represented.

17. Throughout the life of her dealings with Defendant, Plaintiff was still being persistently contacted by her creditors despite doing everything necessary for those creditors to know she was working with Defendant.

---

[2] https://credithelp.caprocessing.com/debt-relief-services/

18. When Plaintiff would speak with her creditors, they informed Plaintiff that Defendant had not reached out to them or engaged in any efforts to discuss resolving any debts.

19. Plaintiff would frequently attempt to contact Defendant regarding its services and the lack of results or action being taken; however, Defendant persistently failed to respond to Plaintiff's concerns.

20. Upon information and belief, Defendant's lack of action in connection with the enrolled obligations, despite Plaintiff making more than sufficient payments for Defendant to settle a number of the enrolled obligations, was done in a fraudulent and deceptive attempt to lengthen the time frame Plaintiff had to make payments to Defendant and further allow Defendant to charge fees for services it was not actually performing for Plaintiff.

21. After months of making payments, Plaintiff began receiving offers from various creditors to resolve her obligations.

22. However, any efforts Defendant made to settle the enrolled obligations did not result in the savings Defendant initially represented would flow to Plaintiff through its services.

23. Plaintiff realized she had been paying Defendant hundreds of dollars per month, and was being assessed fees, for a service she could have done herself for far less money.

24. Wanting to rid herself of Defendant's and its generally deficient provision of services, Plaintiff took out a loan in order to satisfy her remaining obligation on the enrolled debts.

25. Plaintiff subsequently made a lump sum payment to Defendant, who in turn used those funds to resolve Plaintiff's obligation.

26. In approximately October of 2022, Defendant represented that Plaintiff had completed its program, and that all of the enrolled obligations had been completely resolved.

27. However, Defendant failed to make the required payments in connection with two of Plaintiff's enrolled obligations – one owed to Mission Lane, and another owed in connection with a Kay Jewelers credit card serviced by Genesis FS Card Services, Inc – despite its explicit representations that those obligations had been completely resolved and Plaintiff had completed Defendant's program.

28. Plaintiff was still being subjected to collection calls and payment demands in connection with the obligations Defendant should have settled completely and which Defendant represented were completely resolved.

29. Upon information and belief, Defendant has a pattern and practice of misrepresenting the results it has achieved and the status of consumer's accounts so as to justify its retention of fees for services not performed in the manner that would justify Defendant's retention of such fees.

30. Every time Plaintiff has attempted to get Defendant to realize its mistake and fix the problem, Defendant advises that it is looking into the issue and forwarding it to their legal department.

31. Despite Defendant having months to address the issues, Defendant has persistently provided Plaintiff the runaround and failed to correct its clearly erroneous handling of the enrolled obligations.

32. Aside from Defendant's deceptive and unlawful conduct, Defendant has similarly engaged in numerous further violations of the CROA through their deficient contract and failing to provide the disclosures required by the way in which they market their services to consumers.

33. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in lost time.

5

34. Plaintiff have suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm, denial of the benefit of the bargain, out of pocket damages stemming from Defendant's deficient provision of services, as well as violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

37. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit. Regardless of the services Defendant ultimately performed, it holds it business out to consumers, as well as Plaintiff, as providing the ability to assist such consumers with improving their credit history through the use of Defendant's debt relief services.

   a. **Violations of CROA § 1679b(a)**

38. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

6

39. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the services it could provide Plaintiff. Defendant represented that Plaintiff would no longer be contacted by any of her creditors by using Defendant's services. However, due to Defendant's inaction and failure to follow through on its promises to Plaintiff, Plaintiff was persistently harassed by her creditors despite Defendant's representations that such conduct would cease once using Defendant's services.

40. Defendant further violated the above provisions of the CROA through its deceptive, misleading, and fraudulent nature of how it handled the Mission Lane and Kay Jewelers debts. Plaintiff had made more than enough payments for these obligations to be completely resolved, and Defendant explicitly informed Plaintiff that these debts would be completely resolved and that Plaintiff had completely settled all of her enrolled obligations. However, these debts continue to impact Plaintiff's credit with past due payments and no resolution of the debts, and Plaintiff is still being sought after for sums that Defendant represented were paid to her creditors. Upon information and belief, Defendant intentionally or negligently failed to make all of the required payments and payments it represented were made, yet nevertheless charged Plaintiff various fees and charges premised upon the erroneous belief that all of her enrolled obligations had been resolved.

41. Defendant further violated the above provisions of the CROA through its fraudulent and deceptive conduct in making certain representations to induce consumers to use Defendant's services, only to cut against those representations in its contract with consumers.

b. **Violations of CROA § 1679b(b)**

42. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the

7

performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

43. Defendant violated § 1679b(b) through its receipt of payment for services not yet fully performed. Upon information and belief, Defendant appropriated at least a portion of Plaintiff' monthly payments towards the debt settlement services it claimed to be providing before such services were fully performed or had even begun to be performed.

    c. **Violation of CROA § 1679c**

44. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

45. Defendant violated 15 U.S.C. § 1679c through its failure to provide the written disclosures required under § 1679c in a statement separate from the written contract or other material provided to the consumer.

    d. **Violation of CROA § 1679d(4)**

46. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'"

8

47. Defendant violated 15 U.S.C. § 1679d(4) through its complete failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff' signature on the contract. Nowhere in the contract between Plaintiff and Defendant does Defendant provide such a disclosure in bold face type in immediate proximity to the space reserved for Plaintiff' signature, demonstrating Defendant's direct violation of § 1679d(4).

48. As a result of Defendant's deficient contract, the contract should be deemed void and unenforceable. 15 U.S.C. § 1679f(c).

    e. **Violation of CROA § 1679e(c)**

49. The CROA, pursuant to 15 U.S.C. § 1679e(c), requires credit repair organizations to provide consumers a copy of any completed contract and the disclosures required under § 1679c, as well as any other documents signed.

50. Defendant violated § 1679e(c) by failing to provide Plaintiff a completed copy of the contract or of any other documents she signed when contracting with Defendant.

WHEREFORE, Plaintiff, MISTY L. DELOZIER, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT II – VIOLATIONS OF THE MCSOA AND MMPA**</u>

9

51. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

52. Plaintiff is a "Buyer" as defined by § 407.635(1) R.S.Mo.

53. Defendant is a "Credit Services Organization" as defined by § 407.637 R.S.Mo.

    a.   **Violation of MCSOA §§ 407.638(3)-(4)**

54. The MCSOA, pursuant to § 407.638(3) R.S.Mo., prohibits CSOs from making or using "a false or misleading representation in the offer or sale of the services of a credit services organization, including: (a) Guaranteeing to 'erase bad credit' or words to that effect unless the representation clearly discloses that this can be done only if the credit history is inaccurate or obsolete." § 407.638(4) further prohibits CSOs from engaging "directly or indirectly [] in a fraudulent or deceptive act, practice, or course of business in connection with the offer or sale of the services of a credit services organization."

55. Defendant violated the above provisions of the MCSOA in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4) outlined above.

    b.   **Violation of MCSOA § 407.641**

56.  The MCSOA, pursuant to § 407.641.1(a), outlines the disclosures that must be provided to buyers prior to receiving any money from such buyers.

57. Defendant violated § 407.641.1(a) by completely failing to provide Plaintiff with the disclosures and information required by the MCSOA in writing prior to receiving money from Plaintiff.

    c.   **Violations of MCSOA are Violations of the MMPA**

58. The MCSOA, pursuant to § 407.644.3 R.S.Mo., provides that a violation of the MCSOA constitutes an unlawful practice under the MMPA, and is subject to the rights and remedies provided by the MMPA.

59. Defendant violated the MMPA through its violations of the MCSOA outlined above, and further violated the MMPA's broad prohibition against "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any trade or commerce" in its dealings with Plaintiff, outlined in § 407.020.1 R.S.Mo. As discussed at length above, Defendant engaged in a series of deceptive, fraudulent, overinflated promises, misrepresentations, and unfair practices, while simultaneously concealing and suppressing material facts in connection with the services it was providing and had provided Plaintiff.

WHEREFORE, Plaintiff, MISTY L. DELOZIER, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §§ 407.644.1(1) & 407.025.1(1), R.S.Mo. in an amount to be determined at trial;

c. Awarding Plaintiff punitive damages pursuant to §§ 407.644.1(2) & 407.025.2(1), R.S.Mo. in an amount to be determined at trial;

d. Awarding Plaintiff equitable and injunctive relief pursuant to § 407.025.2(3) R.S.Mo.;

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to §§ 407.644.1(1) & 407.025.2(2) R.S.Mo.; and,

f. Awarding any other relief the Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 9, 2023                                    Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Missouri

                                              Sulaiman Law Group, Ltd.
                                              2500 South Highland Ave., Suite 200
                                              Lombard, Illinois 60148
                                              (630) 568-3056 (phone)
                                              (630) 575-8188 (fax)
                                              nvolheim@sulaimanlaw.com